# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELYSE WOOD AND JACK HAUGHT, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MOTOROLA MOBILITY, INC.,<br><br>Defendant. | Case No.: C-11-04409-YGR<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |

Plaintiffs bring this putative class action against Defendant Motorola Mobility, Inc. ("Motorola"), under various California Consumer Protection statutes, alleging that Motorola misrepresented that it planned to upgrade the operating system for its CLIQ XT mobile phones. The alleged misrepresentations about a planned upgrade to the mobile phones' operating system allegedly caused Plaintiffs and those similarly situated to purchase a mobile phone they otherwise would not have, or not return a mobile phone that they otherwise would have. Plaintiffs allege six causes of action: (1) Violation of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq.*; (2) Violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*; (3) Violation of the California False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 *et seq.*; (4) Fraud by Omission; (5) Negligent Misrepresentation; and (6) Restitution/Unjust Enrichment.

Motorola filed a Motion to Dismiss all six of the claims in the Complaint on the grounds that Plaintiffs' lawsuit fails to allege any representations by the Defendant that either of the two named Plaintiffs reviewed or relied upon prior to their purchase of the Defendant's product and as such, none of Plaintiffs' fraud-based causes of action states a claim upon which relief may be granted. Motion to

Dismiss by Defendant Motorola Mobility Inc. ("Mot. to Dismiss"), Dkt. No. 14.

Having carefully considered the papers submitted and the argument of counsel, and for the reasons set forth below, the Court hereby **GRANTS** the Motion to Dismiss with leave to amend.

## I. BACKGROUND

Motorola is an international cellular telephone manufacturer that produces a number of different models of cellular telephones, including a mobile phone known as the CLIQ XT. Plaintiffs' Class Action Complaint ("Complaint"), Dkt. No. 1, ¶¶ 6-7. When Motorola released the CLIQ XT in March of 2010, it was packaged with version 1.5 of the Android operating system. *Id.* ¶ 12. At the time of the CLIQ XT's release, version 2.1 of the Android operating system was already available, and soon after releasing the CLIQ XT, Motorola began to make public statements, through its online support forums, its online upgrade chart, and its official Twitter account, about the upcoming upgrade of the CLIQ XT's Android operating system to version 2.1.[1] *Id.* ¶¶ 13, 17-30.

According to the Complaint, when Plaintiff Elyse Wood purchased her CLIQ XT phone in May 2010, she "understood that the CLIQ XT would be upgraded to a better version of the Android operating system in 2010." *Id.* ¶ 39. The Complaint does not specify how Wood came to understand that Motorola planned to upgrade the CLIQ XT operating system, but the Complaint does specify that it was only *after* Wood purchased a CLIQ XT that she was "exposed" to Motorola's representations that the CLIQ XT would be upgraded to Android 2.1. *Id.* ¶ 40. Wood allegedly relied on the representations on Motorola's website regarding a planned upgrade as the primary reason she continued to use the CLIQ XT and did not attempt to return or exchange the mobile phone for another mobile phone. *Id.* ¶¶ 40-43.[2]

When Plaintiff Jack Haught, an Ohio resident, purchased his CLIQ XT in June 2010, "an in-store sales representative[3] informed Plaintiff Haught that the mobile device would be receiving an upgrade to Android 2.1 imminently." *Id.* ¶¶ 32-33. Had it not been for the in-store sales

---

[1] Plaintiffs estimate that the statements began on or around March 31, 2010, but no later than April 13, 2010. Complaint ¶ 17.

[2] Plaintiffs' counsel clarified at oral argument that Wood did not view Motorola's representations regarding the planned upgrade until after the available return period ended and thus, Wood did not rely on such representations when she decided not to return her mobile phone during the available return period.

[3] The Complaint does not identify either the sales representative that made this representation or the store from which Haught purchased his phone. Thus, it is unclear whether this "fact" is relevant to the claims against Motorola.

United States District Court
Northern District of California

representative's representation regarding a planned upgrade, Haught never would have purchased a CLIQ XT. *Id.* ¶¶ 35-36. Following his purchase of the phone, Haught viewed various representations on Motorola's online forum stating that the CLIQ XT operating system upgrade would be available soon. *Id.* ¶ 34. Relying on statements made by the in-store sales representative as well as the representations Haught viewed on Motorola's website, Haught did not return his CLIQ XT phone within the available 30 day return period. *Id.* ¶¶ 34-36.

On February 3, 2011, approximately ten months after Motorola first announced that it planned to upgrade the CLIQ XT operating system, Motorola stated through its online forum that "[a]fter comprehensive testing of the Android 2.1 upgrade for the CLIQ XT, we have concluded that this device will remain on Android 1.5." *Id.* ¶ 30. The Complaint alleges that despite Motorola's representations to the contrary, Motorola was unwilling or unable to upgrade the CLIQ XT mobile phone. Plaintiffs allege that they and those similarly situated to them were harmed by these representations regarding a planned upgrade because they relied on the representations to purchase a mobile phone they otherwise would not have or not return a mobile phone they otherwise would have returned during the available 30 day return period, and ultimately paid more for a mobile phone than it was otherwise worth. Based upon these allegations Plaintiffs Elyse Wood and Jack Haught seek to certify a nationwide class of every person who bought a CLIQ XT mobile phone from Motorola prior to February 2011.

**II.  DISCUSSION**

    **A.  LEGAL STANDARD ON MOTION TO DISMISS**

Rule 8(a)(2) requires that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock. Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). All allegations of material fact are taken as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. *See Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S.Ct. 1937, 1949-50 (2009). Thus, plaintiffs' obligation to provide the grounds of their entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations marks omitted). Accordingly, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 555-56.

In actions alleging fraud, "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Because the first through fifth causes of action all sound in fraud, those claims are subject to Rule 9(b)'s heightened pleading requirement. *Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009) (holding claims under the CLRA, UCL, and FAL subject to heightened pleading requirement of Rule 9(b)). Particularity under Rule 9(b) requires that the complaint allege specific facts regarding the fraudulent activity, such as the time, date, place, and content of the alleged fraudulent representation, how or why the representation was false or misleading, and in some cases, the identity of the person engaged in the fraud. *In re GlenFed Sec. Litig.*, 42 F.3d 1541, 1547-49 (9th Cir.1994). This requires the pleader to answer the "who, what, when, where, and how" of the alleged fraud. *Kearns*, 567 F.3d at 1124 (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) (internal citations and quotations marks omitted).

## B. REQUEST FOR JUDICIAL NOTICE

When resolving a motion to dismiss for failure to state a claim, review is generally limited to the contents of the complaint. *Allarcom Pay Television. Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381, 385 (9th Cir. 1995). The court may consider exhibits attached to the complaint, *see Hal Roach Studios. Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989), and documents referenced by the complaint and accepted by all parties as authentic. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Additionally, the court may consider a matter that is properly the subject of judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

Motorola requests the Court take judicial notice of the text of a disclaimer posted on its online forum. Defendant's Request for Judicial Notice, Dkt. No. 15. Under Federal Rule of Evidence 201, a court may take judicial notice of a fact not subject to reasonable dispute because it is generally known within the trial court's territorial jurisdiction; or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). A disclaimer on

Motorola's website is not properly the subject of judicial notice as it is neither a matter generally known within the Court's territorial jurisdiction; nor can it be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.[4]

Therefore, Motorola's request for judicial notice is **DENIED**.

### C. VIOLATIONS OF CONSUMER PROTECTION STATUTES

*1. First Cause of Action – Violations of the CLRA*

The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result in or which results in the sale . . . of goods or services to any consumer." Cal. Civ. Code § 1770(a). Plaintiffs claim that Motorola violated sections 1770(a)(5) and (7) of the CLRA because Motorola (a) represented that the goods had characteristics and benefits that it did not have; and (b) represented that the CLIQ XT was of a particular standard, quality, or grade when it was of another. However, this simply parrots the language of the statute, and therefore, fails to meet the *Twombly/Iqbal* standard.

First, Motorola argues that plaintiffs have failed to allege facts to support this cause of action. The facts alleged are that Motorola: (a) misrepresented that it would upgrade the operating system on the CLIQ XT to Android version 2.1, when in fact it was unwilling or unable to do so; and (b) failed to disclose and concealed the fact that it was unwilling or unable to upgrade the operating system when it allegedly misrepresented that it would upgrade the operating system. Motorola argues that statements about its anticipated general technology direction cannot form the basis for a CLRA claim because they are not "characteristics," "standard, quality or grade." Mot. to Dismiss 22. The Court agrees. Plaintiffs do not specify the characteristic and benefits Motorola represented the CLIQ XT had that it did not have. Nor do Plaintiffs specify the particular standard, quality, or grade Motorola represented that the CLIQ XT was of, *or* the particular standard, quality, or grade Motorola the CLIQ

---

[4] Motorola cites Federal Rule of Civil Procedure 10(c) (adoption by reference of exhibits) and Federal Rule of Evidence 201 (judicial notice of adjudicative facts). To the extent Motorola seeks to admit the text of its disclaimer because its disclaimer is referenced in the Complaint, the document submitted is not admissible under the doctrine of incorporation by reference because it is not accepted by all parties as authentic. *See Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005) (admitting contents of website on motion to dismiss under doctrine of incorporation by reference where plaintiffs did not dispute authenticity of materials attached to motion). On the other hand, Motorola does not apply the elements of Rule 201 to explain why the text of its disclaimer should be judicially noticed.

XT actually was.[5]  As pled, the Court and the Defendant are left guessing how exactly Motorola misrepresented the characteristics, benefits, standard, quality, and/or grade of the CLIQ XT.  The particularity requirement of Rule 9(b) serves an important purpose "to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess*, *supra*, 317 F.3d at 1106 (internal quotation marks omitted).  The Complaint fails to provide the requisite notice.

Second, Motorola argues that Plaintiffs ignored the CLRA's pre-suit demand requirement and on that independent basis, the claim should be dismissed.  For a party to recover money damages under the CLRA, thirty days or more prior to the commencement of the action, the consumer must issue a demand of the entity alleged to have engaged in the proscribed conduct to correct, repair, replace, or otherwise rectify the goods alleged to be in violation of the CLRA.  Cal. Civ. Code § 1780(d).  Motorola argues that Plaintiffs' claim is barred for failure to comply with this pre-suit demand requirement.  In their opposition, Plaintiffs clarify that they are not seeking money damages, only injunctive relief, Plaintiffs' Response in Opposition to Defendant Motorola Mobility Inc.'s Motion to Dismiss Complaint ("Pls.' Opp'n"), Dkt. No. 25; thus, Plaintiffs argue, their failure to present a pre-suit demand only prevents them from recovering money damages.  However, because the Complaint clearly alleges that the unfair or deceptive methods, acts, or practices that Plaintiffs seek to enjoin have stopped, *see* Complaint ¶ 30, and there is no suggestion that Motorola will, in the future, make misrepresentations about plans to upgrade the CLIQ XT mobile phones' operating system, there is nothing to enjoin.

Accordingly, Plaintiffs fail to state a claim for a violation of the CLRA.  Nevertheless, Plaintiffs have leave to replead this claim.  Therefore, this claim is **DISMISSED WITHOUT PREJUDICE**.

//

//

//

---

[5] At oral argument, Plaintiffs' counsel explained that when a consumer purchases a mobile phone, he or she expects that the mobile phone's operating system will be upgraded.  In CLRA terms, the mobile phone must possess characteristics, standard, quality and/or grade that its operating system will be upgraded.  Apparently, not disclosing at the point of purchase that the operating system cannot or will not be upgraded misrepresents that a mobile phone has characteristics, standard, quality and/or grade as being one which has an operating system that can be upgraded.  The Court takes no position on whether this would state a CLRA cause of action as this theory is not pled in the Complaint.

2. *Second Cause of Action – Violation of Unfair Competition Law*

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Each prong of the UCL is a separate and distinct theory of liability. *Kearns*, *supra*, 567 F.3d at 1128 (citing *South Bay Chevrolet v. General Motors Acceptance Corp.*, 72 Cal. App. 4th 861 (Cal. Ct. App. 4th Dist. 1999). Plaintiffs allege that the representations regarding a planned upgrade to the CLIQ XT mobile phones' operating system violate all three prongs. Motorola argues that this Count must be dismissed because none of the alleged representations amount to unlawful, fraudulent or unfair conduct under the UCL or related statutes.

a) <u>Unlawful Prong</u>

A business practice is unlawful if it is "forbidden by law . . . be it civil, criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1152 (9th Cir. 2008) (quoting *Nat'l Rural Telecomm. Co-Op. v. DIRECTV, Inc.*, 319 F. Supp. 2d 1059, 1074 n.22 (C.D. Cal. 2003) (internal quotations marks omitted). To state a cause of action for an "unlawful" practice under the UCL, Plaintiffs must allege the violation of some other law. *Cel-Tech Comm'ns, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (Cal. 1999). Plaintiffs allege that this prong is satisfied because Motorola violated the CLRA. Complaint ¶ 74. Defendant argues that Plaintiffs cannot establish this prong because they have failed to allege a violation of the CLRA. As set forth in Section C.1, *supra*, Plaintiffs failed to state a CLRA violation, and therefore, Plaintiffs cannot base their unlawful business practice allegations on a CLRA violation. As such, Plaintiffs fail to state a claim for an "unlawful" practice under the UCL.

b) <u>Unfair Prong</u>

Plaintiffs allege Motorola violated the unfair prong of the UCL by misrepresenting its intentions to upgrade the operating system for the CLIQ XT. Complaint ¶ 77. The proper test for determining whether an act of practice is "unfair" in the consumer context under California law is unsettled as California Courts of Appeal have taken three different approaches.[6]

---

[6] One approach applies the three-pronged test in the Federal Trade Commission Act, 15 U.S.C. § 45(a), which holds a business practice is unfair if (1) the consumer injury is substantial; (2) the injury is not outweighed by any countervailing benefits to consumers or competition; and (3) the injury could not reasonably have been avoided by consumers

*Lozano v. AT & T Wireless Services, Inc.*, 504 F.3d 718, 735-36 (9th Cir. 2007); *Fraley v. Facebook, Inc.*, — F. Supp. 2d —, 2011 WL 6303898, at *21-22 (N.D. Cal. 2011).  The Court need not decide which approach to take here, as Plaintiffs have made only conclusory allegations that such misrepresentations are unfair and do not, under Rule 9(b), particularize *how* the alleged misrepresentations constitute "unfair" acts or practices under the UCL.  As such, Plaintiffs fail to state a claim under the unfair prong of the UCL.

c) <u>Fraudulent Prong</u>

A business practice is fraudulent under the UCL if members of the public are likely to be deceived.  *Sybersound Records*, *supra*, 517 F.3d at 1152 (citing *Nat'l Rural Telecomm. Co-op.*, *supra*, 319 F. Supp. 2d at 1077-78).  Plaintiffs allege that Motorola violated the fraudulent prong by making false and misleading claims regarding its willingness or ability to upgrade the CLIQ XT operating system.  Complaint ¶ 76.  Plaintiffs claim that these false representations about the timing and existence of an operating system upgrade were likely to mislead the public.

As noted, neither Plaintiff alleges that Motorola's "promise" to upgrade the CLIQ XT phones' operating system induced him or her to purchase the phone.  Only Haught alleges that Motorola's "promise" to upgrade influenced his decision not to return the phone; Wood on the other hand, alleges that she would have tried to return or exchange the phone, but does not allege that these attempts would have occurred during the relevant return period.  Plaintiffs do not allege that they were deceived by Motorola's alleged misrepresentations, and as such, Plaintiffs fail to state a claim under the fraudulent prong of the UCL, as well.

Therefore, Plaintiffs fail to state a claim for violation of the UCL under each of the three prongs analyzed.  This cause of action is **DISMISSED WITH LEAVE TO AMEND**.

*3.    Third Cause of Action – Violation of False Advertising Law*

The FAL prohibits "untrue or misleading advertising."  Cal. Bus. & Prof. Code

---

themselves. *Camacho v. Auto. Club of S. Cal.*, 142 Cal. App. 4th 1394, 1403-05 (Cal. Ct. App. 2d Dist. 2006).  A second approach is a balancing test, requiring the court to "weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *South Bay Chevrolet*, *supra*, 72 Cal. App. 4th at 886.  The third approach looks to whether the act offends a public policy as declared by "specific constitutional, statutory or regulatory provisions." *Scripps Clinic v Superior Court*, 108 Cal. App. 4th 917, 938 (Cal. Ct. App. 4th Dist. 2003).

§ 17500. Specifically, under the FAL, it is unlawful for a business to disseminate any statement which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be true or misleading. *Id.* Claims under the consumer protection statutes are governed by the "reasonable consumer" test, under which the Plaintiffs must show that "members of the public are likely to be deceived." *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (internal quotation marks omitted).

Plaintiffs allege that Motorola, through its website, its official online customer service forums, and its Twitter account, falsely represented and/or omitted the status of the Android upgrade program, while knowing that it either was unwilling or unable to complete the upgrade. Complaint ¶¶ 17-29, 60-66, 77, 79-81, 94, 100-102. Motorola argues that when read in conjunction with the disclaimer, of which the Court is not taking judicial notice, no reasonable consumer would be deceived by statements that prominently display they are "intended only to outline Motorola's presently anticipated general technology direction" and are "not a commitment or an obligation." Mot. to Dismiss 16. Because the Court is not judicially noticing the website disclaimer, Motorola's argument is unavailing.

As such, the Court will not dismiss Plaintiffs' FAL claim on this basis. Nevertheless, as set forth in Section C.4, *infra*, the Court will **DISMISS THIS CLAIM WITH LEAVE TO AMEND** on the basis that Plaintiffs fail to allege facts to support their standing to sue under the FAL.

### 4. *Plaintiffs lack standing to bring claims under the UCL or FAL.*

Motorola argues, as an independent basis for dismissal, that Plaintiffs lack standing to bring their claims under the UCL and FAL because neither Plaintiff suffered an injury in fact or lost money or property as a result of the allegedly unfair competition or the alleged violation of the FAL. A claim under the UCL can only be brought by "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. "[U]nder the false advertising law, in materially identical language, standing extends to 'any person who has suffered injury in fact and has lost money or property as a result of a violation of this chapter.'" *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 321-22 (Cal. 2011). The "as a result of" language requires that plaintiffs prosecuting a private enforcement action under the UCL and FAL

9

must plead "actual reliance on the allegedly deceptive or misleading statements." *In re Tobacco II Cases*, 46 Cal. 4th 298, 306 (Cal. 2009) ("a plaintiff must show that the misrepresentation was an immediate cause of the injury-producing conduct"). At the pleading stage, standing may be satisfied by Plaintiffs alleging they would not have purchased the product but for the misrepresentation. *Kwikset Corp.*, *supra*, 51 Cal. 4th at 330.

Here, the alleged injury is that Plaintiffs and each class member "lost money by purchasing the CLIQ XT and paying more than they otherwise would have if Defendant had informed them that the CLIQ XT could not or would not be upgraded to Android 2.1." Complaint ¶ 82. Plaintiffs, however, do not allege that they relied upon any affirmative representation by Motorola when they purchased their phones or allege facts that would support that Motorola was "bound to disclose" this information, but rather, Plaintiffs allege only that they would not have purchased the CLIQ XT had they been informed at the time of purchase that the operating system would not be upgraded. *See Daugherty v. American Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 835 (Cal. Ct. App. 2d Dist. 2006) ("the omission must be contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose"). Furthermore, although Haught alleges that he would have returned his phone during the 30 day return period had he not visited Motorola's website *after* making his purchase, neither Plaintiff alleges that he or she purchased a phone or paid more for a phone in reliance on a statement by Motorola. That is, neither Plaintiff alleges that he or she would not have purchased their CLIQ XT phone but for viewing the misrepresentation on Motorola's website. Therefore, it cannot be said that misrepresentations of which neither Plaintiff was aware could "have become part of the purchase and sale agreement" such that Plaintiffs "were deprived of the 'benefit of the bargain'" when they purchased their phones. *See Animal Legal Defense Fund v. Mendes*, 160 Cal. App. 4th 136, 146-47 (Cal. Ct. App. 5th Dist. 2008). Plaintiffs do not allege that they were injured "as a result of" the unfair competition or violation of the FAL.

Therefore, Plaintiffs' UCL and FAL claims are **DISMISSED WITH LEAVE TO AMEND** because Plaintiffs have not alleged facts to support their standing to bring claims under the UCL or FAL.

Motorola also argues that Haught does not have standing to bring claims under California's UCL, FAL or CLRA because Haught is not a California resident and does not allege that he suffered

an injury based upon conduct occurring in California.  Plaintiffs do not dispute that Haught, a non-California resident, may not bring a claim under California's consumer protection statutes if none of the alleged misconduct or injuries occurred in California.  Although the Complaint does not allege that any of the alleged misconduct that injured Haught occurred in California, in their opposition, Plaintiffs speculate that "the challenged conduct could have emanated from California."  Pls.' Opp'n 24-25.  Haught's UCL, CLRA and FAL claims must be **DISMISSED WITH LEAVE TO AMEND** because California's consumer protection statutes do not reach conduct outside of California that is not directed at one of California's residents.  If facts exist that would support Haught's standing to bring a claim under one or more of California's consumer protection statutes, he may replead that claim.

### D.     FRAUD CLAIMS

####     1.     *Fourth Cause of Action – Negligent Misrepresentation*

In order to maintain a cause of action for negligent misrepresentation in California, Plaintiffs must allege:  (a) a misrepresentation of a past or existing material fact;[7] (b) without reasonable grounds for believing it to be true; (c) ignorance of the truth by the party to whom it was directed; (d) justifiable reliance by that party on the truth of the statement; and (e) damage resulting from such reliance.  *Concorde Equity II, LLC v. Miller*, 732 F. Supp. 2d 990, 997 (N.D. Cal. 2010) (citing *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1201 n.2 (9th Cir. 2001)); *see also*, BAJI, No. 12.45 (listing elements as (a) a representation as to past or existing material fact; (b) that was untrue; (c) regardless of his or her actual belief in the truth of the statement, defendant made the representation without any reasonable ground for believing it to be true; (d) representation was made with the intent to induce the plaintiff to rely upon it; (e) plaintiff's ignorance or the falsity and justifiable reliance on the truth of the representation; (f) damage resulting from reliance on the truth of the representation).

Plaintiffs have not adequately alleged the reliance element of their cause of action for negligent misrepresentation.  *See Glenn K. Jackson*, *supra*, 273 F.3d at 1201 n.2.  Plaintiffs claim that

---

[7] Motorola argues that none of the alleged false statements are actionable because none was of a then-existing material fact.  The representations in the upgrade chart in Exhibit A to the Complaint are sufficient to satisfy the element of representations of an existing material fact. (*Compare* "Upgrade under evaluation" *with* "Upgrade to Android 2.1 planned for Q2").  The motion to dismiss is denied on this ground.

Motorola's statements regarding a planned upgrade caused Plaintiffs and those similarly situated to them to purchase a mobile phone they otherwise would not have, not return a mobile phone they otherwise would have, and ultimately pay more for a mobile phone than it was otherwise worth. In their Opposition, Plaintiffs clarify that Motorola "induced consumers to purchase its mobile device in reliance" on the false or omitted statements regarding the intended upgrade of the CLIQ XT's operating system. Pls.' Opp'n 10; *see also* Complaint ¶¶ 34-35, 40-41, 68, 88, 96, 104. However, Plaintiffs allege that they did not view Motorola's website until after purchasing a CLIQ XT mobile phone, and therefore, they could not have relied upon any false or omitted statements on Motorola's website when they purchased a CLIQ XT mobile phone. Only Haught relied upon any representation in connection with the purchase of his CLIQ XT mobile phone, but the Complaint does not allege that Motorola (or an authorized representative) made that representation.

Because Plaintiffs do not allege that they reviewed or relied upon any representation made by Motorola prior to their purchase of a CLIQ XT mobile phone, Plaintiffs fail to state a claim for negligent misrepresentation. This cause of action is **DISMISSED WITH LEAVE TO AMEND**.

### 2. *Fifth Cause of Action – Fraud by Omission*

Under California law, the elements of a common-law cause of action for fraudulent omission are: (1) the defendant concealed or suppressed a material fact; (2) the defendant was under a duty to disclose the fact to the plaintiff; (3) the defendant intentionally concealed or suppressed the fact with intent to defraud the plaintiff; (4) the plaintiff was unaware of the fact and would have acted differently if she had known of the concealed or suppressed fact; and (5) the plaintiff sustained damage as a result of the concealment or suppression. *See Hahn v. Mirda*, 147 Cal. App. 4th 740, 748 (Cal. Ct. App. 1st Dist. 2007).

According to the Complaint, a reasonable consumer would want to know that Motorola was unwilling or unable to upgrade the CLIQ XT operating system when making the decision to purchase the phone. Complaint ¶ 103. This is the material fact that Motorola allegedly concealed or suppressed. However, Plaintiffs fail to allege facts that satisfy the second element for fraud by omission, that Motorola was under a duty to disclose the fact to the Plaintiffs. According to Plaintiffs the following facts give rise to Motorola's duty to disclose its inability or unwillingness to upgrade

12

the CLIQ XT: (a) Motorola was in a superior position to know the true state of facts about the ability or potential to upgrade the CLIQ XT; (b) Plaintiffs could not have reasonably been expected to learn or discover that Motorola was unable or unwilling to upgrade the CLIQ XT's operating system; and (c) Motorola knew that Plaintiffs could not have reasonably been expected to learn or discover the upgrade issue. Complaint ¶ 102.[8]

The failure to disclose arguably material facts *is not* actionable fraud unless there is some relationship between the parties giving rise to a duty to disclose known facts. Cal. BAJI No. 12.36 (Fraud and Deceit–Nondisclosure of Known Facts). Courts uniformly hold that such a duty can arise only when there is a transaction between the parties. *See, e.g., United States v. Laurienti*, 611 F.3d 530, 539 (9th Cir. 2010) (there can be no nondisclosure absent a duty to speak); *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336-37 (Cal. Ct. App. 4th Dist. 1997) ("as a matter of common sense, such a relationship can only come into being as a result of some sort of transaction between the parties"). In their opposition, Plaintiffs provide examples of the types of business transaction under which such a duty might arise: "'seller and buyer, employer and prospective employee, doctor and patient, or parties entering into any kind of contractual agreement.'" Pls.' Opp'n 11 (quoting *Detersa v. Am. Broad. Co., Inc.*, 121 F.3d 460, 467 (9th Cir. 1997). Plaintiffs do not cite any authority holding a manufacturer such as Motorola, which is not in contractual privity with a consumer, has a duty to disclose known facts to that consumer. Based upon the facts alleged in the Complaint, Motorola was not under any affirmative duty to disclose facts regarding its plans or ability to upgrade the operating system for the CLIQ XT mobile phone. Absent a duty to disclose facts, there can be no fraud by omission for failing to disclose such facts. Therefore, this Count is **DISMISSED WITH LEAVE TO AMEND**.

### E.    SIXTH CAUSE OF ACTION – RESTITUTION/UNJUST ENRICHMENT

Unjust enrichment is a theory of recovery in quasi-contract, in which a plaintiff contends the defendant received a benefit to which it was not entitled. *Paracor Fin. v. General Elec.*

---

[8] As to the remaining elements of a cause of action for fraud by omission, Plaintiffs allege that Motorola "concealed from and failed to disclose . . . its inability or unwillingness to upgrade the CLIQ XT operating system." *Id.* ¶¶ 101-2. This alleged concealment was "in order to induce Plaintiffs and the Class to act thereon." *Id.* ¶ 104. "Had Plaintiffs and the Class known of Defendant's inability or unwillingness to upgrade the CLIQ XT operating system to Android 2.1, they would not have purchased the CLIQ XT or would have paid less for it." *Id.* ¶ 103. Finally, Plaintiffs claim they sustained damages based upon their purchase of the CLIQ XT. *Id.* ¶¶ 104-05.

*Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996).  Restitution for unjust enrichment may be awarded (1) in lieu of damages for a breach of contract where the parties had an express contract, but it was made unenforceable or ineffective for some reason; or (2) where the defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or other tortious conduct, but has chosen not to sue in tort.  *McBride v. Boughton*, 123 Cal. App. 4th 379, 388 (Cal. Ct. App. 1st Dist. 2004) (noting that at common law the tort option was referred to as "waiving the tort and suing in assumpsit").  California courts "appear to be split on whether unjust enrichment can be an independent claim or merely an equitable remedy."[9]  *Falk v. General Motors, Corp.*, 496 F. Supp. 2d 1088, 1099 (N.D. Cal. 2007).  To the extent unjust enrichment is an independent cause of action, Plaintiffs have not shown they are entitled to restitution as they have failed to allege actionable fraud.

To plead a cause of action for unjust enrichment, Plaintiffs must allege "receipt of a benefit and unjust retention of the benefit at the expense of another." *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (Cal. Ct. App. 2d Dist. 2000).  Plaintiffs argue that they have pled each necessary element of a cause of action for restitution/unjust enrichment:  "Plaintiffs both allege that they purchased the CLIQ XT from Defendant, who was aware they received the benefit of the purchase of its phones (Compl. ¶¶ 107-08), and Plaintiffs allege that it would be inequitable for Defendant to retain those monies because Defendant collected it as a result of its fraudulent and deceptive conduct. (Compl. ¶¶ 36, 42, 106-11.)"  Pls.' Opp'n 17-18 (citations in original).

Defendant argues that because it did nothing wrong, it neither obtained, nor retains, any unjust benefit, and there is no basis for restitution.  To the extent this argument denies the facts alleged it is unavailing on a motion to dismiss.  However, as discussed extensively *supra*, Plaintiffs do not allege reliance on Motorola's allegedly fraudulent and deceptive conduct prior to the purchase of their CLIQ XT phones.  Thus, Motorola did not receive a benefit as a result of its allegedly fraudulent and deceptive conduct.  Plaintiffs' allegations that Motorola was engaging in fraudulent and deceptive conduct of which neither Plaintiff was aware at the same time as Plaintiffs' purchases does not make retention of any benefit inequitable.  Therefore, this Count is **DISMISSED WITH LEAVE TO AMEND**.

//

---

[9] The parties in this action also are split on whether unjust enrichment is an independent cause of action in California.

### III. CONCLUSION

For the foregoing reasons the motion to dismiss is **GRANTED WITH LEAVE TO AMEND** each cause of action to the extent facts exist to cure the defects identified in this Order.

Plaintiffs may file an Amended Complaint within 21 days of the date of this Order. Any response is due 21 days thereafter.

This Order terminates Dkt. No. 14.

**IT IS SO ORDERED**.

March 14, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**